

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-92,798-01

**EX PARTE GONZALO NUNCIO GONZALEZ, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2018-2123-C1A IN THE 19TH DISTRICT COURT
FROM MCLENNAN COUNTY**

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to one count of assault of a public servant and one count of possession of a controlled substance, and was sentenced to five years' imprisonment on each count, to run concurrently. He did not appeal his convictions. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because the State failed to disclose favorable evidence to the defense. Specifically, Applicant alleges that despite several requests, the State did not provide the defense with videos from the dash cams and body cams of the arresting officers. Applicant alleges that those videos, which were eventually provided to habeas counsel

pursuant to a public information request, contained information that would have been helpful to challenge the information contained in the police reports, to provide additional avenues for investigation, and to potentially negotiate a more favorable plea agreement. Applicant alleges that had the videos been provided to the defense when requested, he would not have pleaded guilty to assault of a public servant but would have insisted on going to trial on the charges.

Based on the record, the trial court has determined that the State's failure to provide the videos to the defense rendered Applicant's plea unknowing and involuntary, and that had the videos been disclosed prior to trial, there is a reasonable probability that Applicant would not have pleaded guilty but would have exercised his right to a jury trial.

Relief is granted. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 2018-2123-C1 in the 19th District Court of McLennan County is set aside, and Applicant is remanded to the custody of the Sheriff of McLennan County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 27, 2022
Do not publish